UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARRELL ROTHWELL, | : | |
| Petitioner | : | Civ. No. 17-2969 |
| v. | : | Crim. No. 96-196 |
| | : | |
| UNITED STATES OF AMERICA | : | **Consent Order to Correct** |
| Respondent | : | **Sentence** |
| | : | |

WHEREAS on November 4, 1996, Petitioner Darrell Rothwell was convicted after an eight-day jury trial of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371.

WHEREAS, due to Darrell Rothwell's prior criminal history and the Government's pretrial decision to file an enhanced penalty information pursuant to 18 U.S.C. § 3559(c), the District Court sentenced Darrell Rothwell to a mandatory term of life imprisonment for his bank robbery conspiracy conviction;

WHEREAS on May 2, 2016, DOJ Special Counsel Norman Wong sent counsel for Darrell Rothwell a letter disclosing that the Government presented erroneous expert testimony concerning microscopic hair analysis at Darrell Rothwell's 1996 trial.

WHEREAS Petitioner Darrell Rothwell commenced an action under 28 U.S.C. § 2255 to challenge his 1996 conviction for conspiracy to commit bank robbery based on the above-described newly discovered evidence;

WHEREAS, the Third Circuit granted Darrell Rothwell's application for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255 to raise his newly discovered evidence claim;

WHEREAS, Darrell Rothwell also currently has a pending application before the Third Circuit Court of Appeals for leave to file a successive § 2255 motion based on *Johnson v. United States*, 135 S.Ct. 2251 (2015), pursuant to 18 U.S.C. § 2244(b). *See In re Darrell Rothwell*, CA3 No. 16-2586. That application was stayed by the Third Circuit on May 27, 2016, pending further order of the Court.

WHEREAS, the parties disagree about whether Darrell Rothwell can bear his burden of demonstrating by clear and convincing evidence that no reasonable factfinder would have found him guilty absent the erroneous hair analysis evidence at his initial trial;

WHEREAS, the parties disagree about whether Darrell Rothwell is entitled to any relief on his additional pending application before the Third Circuit concerning his *Johnson* claim;

WHEREAS, Darrell Rothwell already has served more than 20 years of his life sentence;

WHEREAS, the parties have agreed that, rather than prolong this litigation, the interests of justice will be served by having this Court resolve all outstanding

litigation between Darrell Rothwell and the United States according to the following terms, and with the understanding that Darrell Rothwell shall receive credit for the time he has already served on his 1996 bank robbery conspiracy conviction toward the sentences imposed on his new convictions:

    1. Darrell Rothwell agrees to plead guilty under Fed. R. Crim. P. 11(c)(1)(C) to a superseding information charging him with one count of conspiracy to commit bank robbery, contrary to 18 U.S.C. § 2113, in violation of 18 U.S.C. § 371, and one count of conspiracy to commit strong arm robbery, in violation of 18 U.S.C. § 1951. Darrell Rothwell waives any double jeopardy claim that he may have in regard to these charges;

    2. The Government agrees to withdraw the enhanced penalty information that had been filed prior to the 1996 trial; and the sole permissible sentence under the Rule 11(c)(1)(C) plea agreement will be five years' imprisonment for conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, plus an additional twenty years' consecutive term of imprisonment for the conspiracy to commit strong arm robbery in violation of 18 U.S.C. § 1951, together with two concurrent terms of supervised release, consisting of two years for the § 371 conspiracy and three years for the § 1951 conspiracy, and a $200 special assessment;

    3. As an additional term in the plea agreement between Darrell Rothwell and the United States, Darrell Rothwell agrees that, if he commits a Grade A violation of supervised release through conduct involving the use, attempted use or threatened use of force, he consents to the District Court's revocation of both terms of supervised release and the imposition of the statutory maximum sentence under 18 U.S.C. § 3582, which is two years' imprisonment for the § 1951 count, plus a consecutive one year sentence of imprisonment for the § 371 count, plus the maximum term of supervised release still available for each count of the superseding information under 18 U.S.C. § 3583;

  4. If the District Court accepts Darrell Rothwell's guilty plea according to the terms of the Rule 11(c)(1)(C) plea agreement, the Government will consent to the entry of an order vacating his 1996 conviction;

  5. If the District Court accepts Darrell Rothwell's guilty plea according to the terms of the Rule 11(c)(1)(C) plea agreement, Darrell Rothwell will withdraw his request for relief pursuant to 28 U.S.C. § 2244(b), which was based on *Johnson v. United States*, 135 S.Ct. 2251 (2015); and

  6. Rothwell agrees to waive his right to appeal or collaterally attack his guilty plea, conviction and sentence, including any claim of ineffective assistance of counsel.

IT IS HEREBY ORDERED that this Court accepts Darrell Rothwell's knowing and voluntary guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C) and sentences Darrell Rothwell to five years' imprisonment for conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, plus an additional twenty years' consecutive term of imprisonment for the conspiracy to commit strong arm robbery in violation of 18 U.S.C. § 1951, together with a five-year term of supervised release, consisting of two years for the § 371 conspiracy and three years for the § 1951 conspiracy, and a $200 special assessment. It is the Court's intention that all federal time served by Darrell Rothwell on his 1996 conspiracy conviction be credited toward his new federal sentences;

AND IT IS FURTHER ORDERED that Darrell Rothwell's 1996 conviction for conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 is vacated.

So ordered this 7 day of ~~May~~ June, 2017

_____
Honorable Susan D. Wigenton, U.S.D.J.

Agreed to by:

William E. Fitzpatrick
Acting United States Attorney

_____
Darrell Rothwell        May, 12 2017

_____
Thomas J. Eicher
Assistant U.S. Attorney
May, 12 2017

_____
Leticia M. Olivera      May, 12 2017
Assistant Federal Public Defender

5